UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FERRIS VALENTINE,<br><br>                    Plaintiff,<br><br>          v.<br><br>USP VICTORVILLE,<br><br>                    Defendant. | Case No. 5:25-cv-03050-SVW-JDE<br><br>ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g) |

On November 6, 2025, Ferris Valentine ("Plaintiff"), a federal prisoner (Reg. No. 05594-041) at the Federal Correctional Institution, Talladega, in Talladega, Alabama, but formerly an inmate at United States Penitentiary Victorville, in Adelanto, California ("USP Victorville"), proceeding pro se, filed a civil complaint asserting a claim under the Federal Tort Claims Act for "Missing Personal Property Due to Staff Negligence at USP Victorville." Dkt. 1 ("Complaint"). Plaintiff alleges he was transferred from USP-Victorville in February 2024. Id. at 1. On January 6, 2026, Plaintiff filed a request to proceed in forma pauperis ("IFP"). Dkt. 4.

Under 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). A complaint dismissed as time-barred will constitute a "strike" under Section 1915(g). See Hoffman v. Pulido, 928 F.3d 1147, 1152 (9th Cir. 2019); Belanus v. Clark, 796 F.3d 1021, 1025-27, 1030 (9th Cir. 2007) (concluding that a dismissal of a complaint as time-barred was properly "assessed as a strike" under Section 1915(g));. Rouser v. Gyles, 2023 WL 3452048, at *1 (E.D. Cal. May 15, 2023) (noting that a "dismissal of a complaint as time-barred under the applicable statute of limitations counts as a strike," citing Belanus).

Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening,  2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). A plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are

2

insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998); see also Martin, 319 F.3d at 1050 ("conclusory assertions" are "insufficient to invoke the exception to §1915(g)"). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Courts may raise Section 1915(g) sua sponte and dismiss the action if warranted. See Ray v. Lara, 31 F.4th 692, 696 (9th Cir. 2022); Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Fabricant v. Harbison, 2021 WL 5921470, at *2 (C.D. Cal. Sept. 1, 2021) ("Courts may raise § 1915(g) sua sponte."), accepted by 2022 WL 103187 (C.D. Cal. Jan. 11, 2022). When the Court raises the issue sua sponte, if it makes appropriate findings, it may dismiss the action without hearing from the plaintiff on the issue. Ray, 31 F.4th at 696-97. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez, 2010 WL 5313476, at *2.

Earlier this year, the Court dismissed an action by Plaintiff under Section 1915(g) after taking judicial notice of dockets of this and other courts and after providing Plaintiff an opportunity to be heard, finding three prior civil actions filed by Plaintiff while incarcerated had been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief may be granted. See Ferris Valentine v. United States of America, et al., (C.D. Cal.) Case No. 5:25-cv-00682-SVW-JDE ("Prior Action"), Dkt. 12 (Order Dismissing Action). Specifically, the Court found in the Prior Action, and finds again herein, the following prior "strikes":

1.    Ferris T. Valentine v. Michael P. Delaney, No. 2:99-cv-04133-GAF (MLG) (C.D. Cal. Dec. 20, 2002) (Dkt. 83) (dismissing

Plaintiff's civil rights complaint, filed while in custody, as untimely).

2.   Ferris T. Valentine v. Warden, FCC Coleman-USP II, et al., No. 5:08-cv-00428-WTH-GRJ (M.D. Fla. Nov. 13, 2008) (Dkt. 6) (dismissing Plaintiff's Bivens complaint, filed while in custody, as "frivolous pursuant to 28 U.S.C. § 1915A," noting the "dismissal of this case as frivolous counts as a strike for purposes of the three-strikes provision of 28 U.S.C. § 1915(g)).

3.   Ferris Valentine v. U.S. Marshals, et al., No. 4:20-cv-04206-KES (D.S.D. Feb. 19, 2021) (Dkt. 10) (dismissing Plaintiff's Bivens claims, filed while in custody, "for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1)").

Here, Plaintiff, a "prisoner," has had at least three prior civil actions he commenced as a prisoner dismissed as frivolous or for failing to state a claim upon which relief may be granted. Further, as the Federal Tort Claims Act claim in this action seeks only financial redress for allegedly lost property, Plaintiff does not allege that he is in imminent danger of serious physical injury traceable to the conduct alleged in the Complaint. As such, this action must be dismissed under 28 U.S.C. § 1915(g). Nothing herein prevents Plaintiff from refiling the action upon payment of the full filing fee.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Complaint is DISMISSED without prejudice to refiling after prepayment of the full filing fee; and

2. Judgment shall be entered accordingly.

Dated:  January 23, 2026_____

_____
STEPHEN V. WILSON
United States District Judge

Presented by:

_____
JOHN D. EARLY
United States Magistrate Judge

5